# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri Corporation and INTERSTATE FIRE AND CASUALTY COMPANY,

Plaintiffs,

v.

UNITED SPECIALTY INSURANCE COMPANY, a Delaware Corporation; and DOES 1 through 100,

Defendants.

Case No. 2:18-cv-00461-KJM-EFB

[~~PROPOSED~~] CONFIDENTIALITY AND PROTECTIVE ORDER

Assigned to the Honorable Judge Kimberly J. Mueller

Action filed: March 1, 2018
Trial Date: Not Yet Set

Pursuant to the Stipulation of the Parties filed on August 7, 2018, and after careful consideration, it is hereby ordered as follows:

1. This Protective Order regarding privileged, confidential, proprietary, and/or trade secret information applies in the above-captioned case to documents designated as "CONFIDENTIAL."

2. Subject to the term and restrictions of this Protective Order, the parties or otherwise interested persons may exchange privileged, confidential, trade secret, proprietary, or otherwise sensitive non-public documents or information. No provision in this Protective Order shall be construed as requiring the disclosure of any documents or information.

3. This Protective Order applies to all documents and information produced by Plaintiffs, American Automobile Insurance Company ("AAIC"), Interstate Fire and Casualty Company ("Interstate") or defendant United Specialty Insurance Company ("USIC"), designated by the producing party as "CONFIDENTIAL" in accordance with the terms of this Protective Order.

4. The parties may agree, in writing or on the record of any hearing, deposition or other proceeding in this matter, that additional documents, information, testimony, or materials may be brought within the provisions of this Protective Order.

5. Prior to producing documents or information, AAIC, Interstate, or USIC shall mark as "CONFIDENTIAL" any information, document, or portion of any document that contains trade secrets or other confidential technical proprietary, or financial information. In addition, as described in the provisions below, any other party has a right to challenge the propriety of a designation (or lack thereof) if it believes any designation was inappropriate, erroneous, or made in bad faith.

6. The designation "CONFIDENTIAL" may be applied to information that AAIC, Interstate, or USIC believes is privileged, confidential, proprietary, of a commercially sensitive nature, or which qualifies as a trade secret under California or Federal law ("Confidential Information").

7. A confidentiality designation under this Order shall be made by stamping or labeling each page containing Confidential Information as "CONFIDENTIAL."

8. AAIC, Interstate, USIC, or their respective counsel may state on the record of any proceeding in which oral testimony is provided that specific testimony is "CONFIDENTIAL." AAIC, Interstate, USIC, or their respective counsel may also designate oral testimony as "CONFIDENTIAL" by providing written notice to all receiving parties and the court reporter within fifteen days of receipt of any transcript of the specific pages and lines of the transcript that contains Confidential Information. The court reporter shall make appropriate notations of confidentiality on the pages of the transcript containing Confidential Information in accordance with the designations supplied and additionally note on the cover of the transcript that it contains Confidential Information subject to a Protective Order.

9. Accidental disclosure of Confidential Information does not waive the confidentiality otherwise attached to the Confidential Information.

10. Any party to this case may challenge another party's designation of a document or information as Confidential under this Order by delivering written notice to counsel identifying the document or information, and one or more bases for challenging the initial Confidential designation. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such notice of objection, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. Any motion challenging a designation pursuant to this paragraph will be made in compliance with Local Rules 251(b) 251 (c) and 251(d).

11. No person who receives documents or information designated as "CONFIDENTIAL" may disclose such to any other person, except as permitted by this Protective Order, unless and until such designation is removed by the designating party, or an order of the Court removing or denying Confidential status.

12. Any party may disclose information or documents designated as Confidential to any expert witness or litigation consultant retained in this matter only for use in this matter on the condition that the witness or consultant acknowledge in writing receipt of a copy of this Stipulation and Protective Order and express in that writing his or her agreement to be bound by the terms of this Protective Order.

13. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. Subject to the terms of this Protective Order and the applicable provisions of the Rules of Civil Procedure, any receiving party may use Confidential Information or documents in the course of a deposition or hearing, or in the course of examining any witness, provided that counsel conducting the examination believes in good faith that disclosure to such witness is necessary to obtain testimony pertinent to a matter genuinely at issue in this case and that, prior to completion of the examination, the witness is furnished with a copy of this Protective Order.

15. In the event that a non-party witness is shown Confidential documents or information during the course of an examination, the witness will be advised on the record of that examination of the terms of this Protective Order, and shall be advised on the record that he or she is subject to sanctions, including contempt, for violating the terms of this Order. Any disclosure pursuant to this paragraph shall not constitute a waiver of the confidentiality designations originally assigned to the Confidential documents or information.

16. The designation of documents, information, or testimony as Confidential shall not in any way constitute a waiver of any objection to otherwise improper discovery in this case, whether such discovery is oral or written.

17. All documents and information designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order ~~that are filed with the Court and any pleadings, motions, or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court. The parties shall follow the procedures set forth in United States District Court, Eastern District of California Local Rule 141.~~ may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. However, the designation of material as confidential, without more, is insufficient to obtain a sealing order. Any party that seeks to file Protected Material under seal must comply with Local Rule 141, which governs motions for a sealing

order.  As provided in Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  Further, the briefing on the motion for a sealing order shall address U.S. Supreme Court and Ninth Circuit standards for whether the material may be filed under seal.  Regardless of which party files the motion for a sealing order, the party that designated the material as confidential shall file a brief addressing those standards, and shall have the burden of establishing that the Protected Material should be filed but not made publicly available.

18. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for the purpose of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the person responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19. This Order shall survive the termination of this case.  All parties agree to refrain from any distribution, copying, or dissemination of Confidential Information or documents and to abide by the terms of this Protective Order after the termination of the case. Within ninety days of final termination of this case and all related proceedings (factually or legally), the parties must destroy or return to the producing party, or its counsel, all documents or other materials containing Confidential Information and, upon request of the producing party, shall so certify that such destruction or return has occurred within ninety days of termination of this case.

1    20.    No party shall distribute a copy of any document or information
2 designated as Confidential to parties to this case who have not agreed to the terms of
3 this Order.
4      IT IS SO ORDERED.
5 Dated: August 14, 2018.

      EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE